Jon G. Shadinger Jr, Esq.
Shadinger Law
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0423 - Fax
js@shadingerlaw.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and RONALD MOORE, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKEHURST CIRCLE ASSOCIATES I, LLC, a New Jersey Limited Liability Company,<br><br>Defendant. | Case No.  3:18-cv-13880 |

**COMPLAINT**

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and RONALD MOORE, an Individual, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, LAKEHURST CIRCLE ASSOCIATES I, LLC, ("Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("NJLAD").

**COUNT I
VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.***

1. Plaintiff, RONALD MOORE, is an individual residing at 1002 Central Ave, New

Providence, New Jersey 07974, in the County of Union.

2.     Plaintiff, THE INDEPENDENCE PROJECT, INC., is a non-profit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

3.     Defendant, LAKEHURST CIRCLE ASSOCIATES I, LLC, holds title to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

4.     Defendant's property, also known as Lakehurst Circle Center, is located at 600-686 NJ Route 70, Lakehurst, NJ 08733, in the County of Ocean ("Subject Property"). The Subject Property consists of and is known as Block 28 Lot 1.01, Block 28 Lot 1.02 and Block 29 Lot 1 on the Tax Map of Borough of Lakehurst, County of Ocean, State of New Jersey.

5.     Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

6.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

7.     Plaintiff, RONALD MOORE is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Moore is quadriplegic as the result of a spinal cord injury and uses a motorized wheelchair for mobility.

8.     Ronald Moore has visited the subject property that forms the basis of this lawsuit on numerous occasions, with his last visit occurring in August 2018, and he plans to return to the subject property in the near future to avail himself of the goods and services offered to the public at

the property.

9. Plaintiff, Ronald Moore, has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 10.

10. Plaintiff, THE INDEPENDENCE PROJECT, INC. is a non-profit New Jersey corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

11. THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant's have been compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

12. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Lakehurst Circle Center and is located at 600-686 NJ Route 70, Lakehurst, NJ 08733, in the County of Ocean.

13. THE INDEPENDENCE PROJECT, INC. and RONALD MOORE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with

the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

14. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. RONALD MOORE desires to visit Lakehurst Circle Center, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

16. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendant's property, Lakehurst Circle Center, has shown that violations of the ADA exist. The following are violations that RONALD MOORE personally encountered during his numerous visits to the subject property:

**Parking and Exterior Accessible Route**

a. Parking spaces throughout Lakehurst Circle Center are not maintained; contain abrupt changes of level, slopes beyond limits within parking spaces and lack compliant access aisles, violating Sections 402 and 502 of the 2010 Accessibility Standards. These conditions, during numerous visits, prevented Mr. Moore from unloading from his van freely and safely. On certain occasions he would park away from the shopping center to ensure he could access his van.

b. Accessible parking provided at both parcels of Lakehurst Circle Center are not maintained, contain abrupt changes of level and fail to lead to a compliant curb ramp, violating

Sections 402 and 502 of the 2010 Accessibility Standards.  These conditions put Mr. Moore's safety at risk and can cause damage to his wheelchair.

       c.      Curb ramps provided to access stores at Lakehurst Circle Center are unsafe for wheelchair users and are not provided at all in some areas of the center. The curb ramps that are provided contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards.  Mr. Moore dealt with a lack of maneuvering space at the top of the curb ramp.  When accessing curb ramps, these conditions present a tipping hazard for Mr. Moore and could cause damage to his wheelchair.

       d.      The exterior accessible route leading from accessible parking spaces at Lakehurst Circle Center fail to provide a safe accessible route to ramps or curb ramps, violating Section 402 of the 2010 Accessibility Standards.  Mr. Moore was forced to travel through the traffic area of the center in order to arrive at the curb ramp which adds the danger of encountering automobiles.

       e.      Lakehurst Circle Center fails to provide a safe accessible route to the adjacent street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.  The lack of an accessible route prevents the option of public transportation for Mr. Moore.

**Access to Goods and Services**

       f.      Payment counters throughout Lakehurst Circle Center including those located in Great Wok and Pete and Sal's Italy's Best are mounted beyond the reach of Mr. Moore, violating Sections 308 and 904 of the 2010 Accessibility Standards.

       g.      Great Wok and Sal and Pete's Italy's Best fail to provide interior/exterior accessible dining tables, violating Section 902 of the 2010 Accessibility Standards.  The lack of accessible tables effects Mr. Moore's ability to dine comfortably.

       h.      The entering of tenant spaces is impeded by abrupt changes of level at the base and improper door hardware, violating Section 404 of the 2010 Accessibility Standards.  Abrupt changes of level can cause damage to Mr. Moore's wheelchair and improper door hardware prevents Mr. Moore from entering and exiting doorways without assistance.

**Restrooms**

       i.      Restrooms at Lakehurst Circle Center including those located within Hal's Service Center, Dollar General, Great Wok, and Sal and Pete's Italy's Best were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Moore was unable to use the restrooms safely due to a lack

of accessibility. Inaccessible features include incorrect signage, inaccessible water closets which lack proper controls and wheelchair maneuvering space, violating Section 601 of the 2010 Accessibility Standards.

j. Restrooms at Hal's Service Center, Dollar General, Great Wok and Sal and Pete's Italy's Best each provide dispensers beyond the reach of wheelchair users and are inaccessible to the Mr. Moore, violating Section 308 of the 2010 Accessibility Standards.

k. Lavatories at Hal's Service Center, Dollar General, Great Wok and Sal and Pete's Italy's Best lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards. Due to these conditions Mr. Moore is unable to wash his hands before exiting the restroom.

l. Hal's Service Center, Dollar General, Great Wok and Sal and Pete's Italy's Best provide restrooms that contain improper centerlines for the water closets and flush controls which are mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Moore was unable to access flush controls while in the restrooms due to their improper location.

m. The use of restrooms doors at Hal's Service Center, Dollar General, Great Wok and Sal and Pete's Italy's Best are impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. These barriers, impede Mr. Moore from easily accessing the doors, as such he cannot enter or exit the restroom doorways without assistance.

17. Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

18. The discriminatory violations described in paragraph 16 are not an exhaustive list of the Defendant's ADA violations. Plaintiffs require thorough inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access that exist. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of

services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

19. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

21. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR

36.505.

22. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

24. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Lakehurst Circle Center and make the subject property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the subject property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

25. Plaintiffs re-allege and incorporate by reference all allegations set forth in this Complaint as fully set forth herein.

26. Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

27. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation

without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.)

28.     As set forth above, Defendant has violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the subject property, Lakehurst Circle Center.

29.     As a result of the aforementioned discrimination, Plaintiff RONALD MOORE has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

30.     Defendant's violation of the New Jersey Law Against Discrimination has caused Mr. Moore harm and, in the absence of the injunction sought herein, the violating conduct will continue to cause him harm.

**WHEREFORE**, Plaintiff, RONALD MOORE respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Dated: September 13, 2018

Respectfully submitted,
/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0423 - Fax
js@shadingerlaw.com
*Attorney for Plaintiffs, The Independence Project, Inc. and Ronald Moore*